OPINION OF THE COURT
Joel B. Gewanter, J.
This postjudgment matrimonial matter was referred to the *129 undersigned by order of Honorable Ira B. Warshawsky dated June 18, 1999. Certain issues having been determined by Justice Warshawsky, the only questions before this court relate to the distribution of a tax escrow account and the allocation of certain adjustments made at the time of sale of the marital residence. The balance of the tax escrow account remaining on hand after satisfaction of the mortgage is agreed to be $7,194.90. This court has not found any precedent directly on point, so that this appears to be an issue of first impression.
The parties’ stipulation of settlement, incorporated by reference into the divorce judgment but not merged therein, specifically provides: “When the house is sold, the wife will get all the proceeds of the house * * * The wife’s proceeds shall be the gross figure minus the closing costs minus the broker minus paying the first and second mortgage.” The dispute between these parties is, essentially, whether or not the said refund of tax escrow account balance would be part of the “proceeds” of the sale.
Black’s Law Dictionary 1204 (6th ed) defines “proceeds” as “money or articles or other thing of value arising or obtained by the sale of property.” In the case at bar, the fund under discussion does not emanate from the purchaser; it is not part of the amount required to be paid pursuant to the contract of sale; it is not an “adjustment” between seller and buyer. Rather, this tax escrow account is a revolving sum of money used by the mortgagee/lender to pay real estate taxes and renewals of insurance policies, pursuant to a requirement of the mortgage agreement, the primary purpose being to secure the lender’s position as the primary lienor by preventing unpaid taxes to accrue. The relationship is solely between such borrower/seller and the lender, with no involvement of the purchaser (except in the case where the purchaser is assuming the existing mortgage, in which event the parties adjust such escrow balance — which is not the case at bar).
The question remains that if this escrow account is not part of the proceeds of the sale, then what is it? The only other logical answer is that such account, like other bank accounts of the parties, is a marital asset. At the time of the parties’ divorce, this account existed but, apparently, was not dealt with in their negotiations and/or part of the equitable distribution directed by that trial court. While there has been no testimony or evidence herein as to the balance of such escrow account, as a revolving account this court will presume that *130 the balance existing at the time of satisfaction ($7,194.90) was more or less the balance as of the “evaluation date” in the divorce action. Accordingly, subject to adjustments due to other issues in this case, this court will equally divide said márital asset and each party is initially entitled to half or $3,597.45.
Defendant argues that since he was required to pay the monthly mortgage payment, the funds so paid should be his because they emanate from his “separate” funds. This court does not agree. The stipulation/agreement settling the divorce action provided for the wife to have exclusive occupancy of the marital residence pending a sale thereof. It was agreed therein that defendant would make the monthly mortgage payments which, after such settlement and judgment, this court considers a part of the obligation imposed upon him, in the nature of maintenance. This court concludes that such payments do not change the character of said asset and the escrow account balance is a marital asset, as hereinabove determined.
As to the other or remaining issues in this case, there was a real estate tax adjustment between seller and buyer by which plaintiff received a credit of $924 from the buyer. Defendant claims he should be awarded that sum since he was paying such taxes, via said escrow account, for the period of about nine months between the stipulation/agreement and the house sale on November 9, 1998. This court having determined that the tax escrow account (from which the said taxes were paid) is a marital asset, defendant should be reimbursed half said sum or $462 by the plaintiff, who was credited with that amount at closing.
Adjustments are also due between the parties as to principal and interest on the mortgages. The parties’ stipulation provided that
“Till the sale * * * the husband will continue to pay the mortgage and taxes, interest on the mortgage * * * since he is going to be paying the mortgage payments, he might be entitled to reduction of same, but he waives any right to the reduction.
“And the wife is agreeing that the payoff of the house will be the balance of the mortgages as they exist today * * * The husband understands he is going to be reducing the first mortgage as he makes payments. On the second mortgage he only has to pay interest. He doesn’t have to reduce the mortgage; only reduce it by the interest.”
The testimony and documentary evidence herein show that the said second mortgage, by its terms, required minimum *131 monthly principal payments in addition to interest. Defendant did, in fact, reduce said mortgage principal from $93,725.77 at the stipulation date, to a payoff balance of $91,000. Accordingly, defendant is entitled to a reimbursement of $2,725.77 from the plaintiff.
On the first mortgage, defendant did not pay (as per his counsel’s advice) the November 1st payment, leaving a sum of interest due from October 1st through the date of actual payment (as verified by the title closer on the mortgage payoff affidavit, in evidence) in the amount of $707.67, plus a late charge of $25. Since the payoff was deducted from the “proceeds of sale” due plaintiff, she is entitled to a reimbursement from defendant of said total of $732.67 plus the principal reduction which would have been paid November 1st of $1,309.02 (credit for reduction of principal on the first mortgage was waived in the stipulation). Accordingly, plaintiff is entitled to a credit from defendant of $2,041.69.
The last point of disagreement between these parties relates to the fact that, at the house closing, the plaintiff signed the aforementioned title closer’s “mortgage payoff affidavit” on which a notation had been made that “all escrow balances to be returned to Jakow G. Diener only” at his address. The defendant argues that this was an agreement between the parties. In contrast, also in evidence is a copy of the “closing statement” prepared by plaintiffs real estate attorney, signed by both parties, indicating that disputed items or issues shall survive closing and be resolved or “dealt with in a separate forum and are not waived by their closing.” Taking the two pieces of evidence together, this court concludes that the mortgage payoff affidavit’s notation was intended to indicate where the escrow return check was to go to or be mailed to (which did not occur as directed). The issue was preserved and is decided as above directed.
Based upon the foregoing, the said escrow fund, currently held by the plaintiffs attorney, shall be disbursed as follows:
Plaintiff Defendant
Basis Distribution $3,597.45 + $3,597.45
Tax Adjustment - 462.00 + 462.00
3,135.45 4,059.45
Second Mortgage - 2,725.77 + 2,725.77
6,785.22 409.68
*132 First Mortgage + 2,041.69 - 2,041.69
Net Due Parties $2,451.37 $4,743.53
Under all of the circumstances herein, and each party having prevailed on one or more issues, this court will not award counsel fees to either party. Based upon all of the foregoing, it is hereby ordered that within 10 days after receipt of a copy of this decision/order, plaintiffs counsel shall pay out, from her escrow account, the sum of $2,451.37 to plaintiff and the sum of $4,743.53 to the defendant.